UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRO DYNAMICS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DRUG ENFORCEMENT ADMINISTRATION, SAN DIEGO COUNTY, et. al.,<br><br>        Defendant. | Case No.: 20-cv-02082-JAH-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FEDERAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[ECF No. 45] |

    Before the Court is Defendants Drug Enforcement Administration ("DEA") Special Agents Paul Gelles, Eric Ball, Kieran Garcia, Marsha Dawe, Ross Van Nostrand, and Jeremy Feuz, and DEA Task Force Officers ("TFO") Frank Haskell, Andrew Aguilar, Jason Stein, Timothy Smith, Michael Astorga, and Christopher Morris' (jointly "Federal Defendants") motion for judgment on the pleadings.  ECF No. 45 ("Motion" or "Mot."). Plaintiff Agro Dynamics, LLC ("Plaintiff") opposes the motion.  After a thorough review of the parties' submissions and for the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Federal Defendants' Motion.

## BACKGROUND

Plaintiff originally filed this action in Superior Court of California, County of San Diego on September 22, 2020. *See* Notice of Removal, Ex. A (ECF No. 1-2). Federal Defendants removed the action to federal court on October 22, 2020. Notice of Removal, (ECF No. 1). On November 13, 2020, Plaintiff filed a First Amended Complaint ("FAC") asserting claims under 42 U.S.C. § 1983, California Civil Code § 52.1, claims for violations of the United States Constitution and the California Constitution, and claims for conversion, trespass to chattels, and negligence. FAC (ECF No. 8). Plaintiff named Federal Defendants and the County of San Diego, San Diego Sheriff Department officers Steve Bodine, Justin Moore, Dwayne Prickett, Christopher Perez, Ricardo Andrade (collectively "County Defendants"), and Does 1 through 50 as defendants. *Id.* Plaintiff alleges Federal Defendants along with certain officers of the San Diego Sheriff's Department seized and destroyed over $3 million dollars' worth of hemp plants pursuant to an invalid search warrant executed on Plaintiff's property located in Fallbrook, California on which Plaintiff legally cultivated industrial hemp. *Id*. ¶¶ 36-64.

County Defendants and Federal Defendants filed separate motions to dismiss. *See* ECF Nos. 9, 11. Thereafter, this Court granted in part and denied in part the motions. *See* ECF No. 18. The following claims by Plaintiff survived the motion to dismiss: § 1983 claim against the County for failure to train, § 1983 claims against County Officers in their individual capacities and Federal Officers in their individual capacities based on violations of the Fourth Amendment, a Bane Act claim against County Defendants premised on the Fourth Amendment and Article I Section 13 of the California Constitution, a claim under the U.S. Constitution against Federal Officers in their individual capacities based on violation of the Fourth Amendment, and conversion, trespass to chattels, and negligence against County Defendants. *Id*. Plaintiff was provided an opportunity but did not amend the complaint. Federal Defendants and County Defendants filed separate answers to the First Amended Complaint on October 24, 2023. *See* ECF Nos. 19, 21.

On April 2, 2024, Federal Defendants filed the instant motion along with a motion to file documents under seal. *See* ECF Nos. 45, 46. Plaintiff filed an opposition on May 3, 2024 ("Opposition" or "Opp'n") and Federal Defendants filed a reply on May 15, 2024 ("Reply"). *See* ECF Nos. 49, 50. Finding the matter suitable for disposition without oral argument, the Court took the motion under submission on the parties' briefs.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay the trial." FED. R. CIV. P. 12(c). Judgment on the pleadings is proper only when there is no unresolved issue of fact and no question remains that the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Honey v. Distelrath*, 195 F.3d 531, 532-33 (9th Cir. 1999). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550*, and see Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Fleming*, 581 F.3d at 925.

## DISCUSSION

Defendants argue that they are entitled to judgment as a matter of law on Plaintiff's claims for two reasons, (1) they are not subject to suit under § 1983 because they were federal officers acting under color of federal law, not state law; and (2) this case presents a new context under *Bivens* and extensions of the remedy are not appropriate. Mot. at 9-19.

**A. Judicial Notice**

In their motion for judgment on the pleadings, Federal Defendants request that this Court take judicial notice of two facts: (1) the DEA San Diego Integrated Narcotic Task Force was established in accordance with 21 U.S.C. § 873 and (2) that local peace officers assigned to the Narcotic Task Force were deputized as Task Force Officers of the DEA under 21 U.S.C. § 878(b). Request for Judicial Notice (ECF No. 45-1). Federal

Defendants contend that the two facts are not subject to reasonable dispute because they are supported by "sources whose accuracy cannot reasonably be questioned." *Id*. at 2. In support of their request, they submit a Narcotic Task Force Agreement between the DEA and the San Diego Police Department, a Narcotic Task Force Agreement between the DEA and the San Diego Sheriff's Department, "Deputization Authorization/Request" and Extension forms for individual Task Force Officers, and the declaration of Cynthia Cruz, a DEA Mission Support Specialist who serves as the custodian of records.[1]

In response, Plaintiff argues consideration of extrinsic evidence on a motion for judgment on the pleadings is improper. Opp'n at 14-17. Plaintiff also argues Ms. Cruz's declaration does not comply with 28 U.S.C. § 1746 because she attests the statements were made "to the best of [her] knowledge" under penalty of perjury, instead of being "true and correct" under penalty of perjury. *Id* at 15. Plaintiff further argues the two facts are not "adjudicative facts" and are neither generally known nor are from sources that cannot be reasonably questioned because the exhibits submitted by Federal Defendants are not matters of public record. *Id* at 16-17.

A court may, when addressing a motion for judgment on the pleadings, consider facts for which it takes judicial notice. *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999). Under Federal Rule of Evidence 201, courts may take judicial notice of facts that are "not subject to reasonable dispute." FED. R. EVID. 201(b). Facts are not subject to dispute if they are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id*.; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Adjudicative facts are facts that involve the immediate parties of a case and describe "who did what, where, when, [and] how," relevant to the resolution of the case. *United*

---

[1] Federal Defendants motion to file the Narcotic Task Force Agreements and Deputization Request/Authorization and Extension documents under seal is GRANTED. ECF No. 46.

*States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976). The formation of a task force pursuant to federal law between the DEA and local law enforcement agencies, and that local law enforcement officers were deputized as Task Force Officers, are adjudicative facts subject to judicial notice.

Ms. Cruz made her statements in support of the request for judicial notice "under penalty of perjury" and certified that her statements were true. Cruz Decl. at 1-2 (ECF No. 45-2). Because the declaration includes the language "under penalty of perjury" and a representation that the statements therein are true, the declaration complies with the verification requirements of 28 U.S.C. § 1746. *See Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw. 1994) (determining a declaration that is made "under penalty of perjury" and declares that the document is true complies with the verification requirements of 28 U.S.C. § 1746). Ms. Cruz attests that the two Narcotic Task Force Agreements are true and accurate copies of those entered into between the DEA and San Diego Police Department in July 2018 and the DEA and San Diego Sheriff's Department in August 2018, and that the Deputization Request/Authorization and Extension documents are "true and accurate copies of the deputization paperwork associated with DEA Task Force Officers Andrew Aguilar, Michael Astorga, Frank Haskell, Christopher Morris, Timothy Smith and Jason Stein." Cruz Decl. ¶¶ 4, 5, 7.

While not publicly available, the documents are created and held by the government. Courts may take judicial notice of records of a government agency. *See Dent v. Holder*, 627 F.3d 365, 371 (taking judicial notice of applications for naturalization); *see also Interstate Nat. Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (determining courts may take judicial notice of "records and reports of administrative bodies"). The Court finds, based on Ms. Cruz's declaration, that the adjudicative facts are accurately determined by official government records and are therefore not subject to dispute. Accordingly, the Court takes judicial notice that (1) the DEA San Diego Integrated Narcotic Task Force was established in accordance with 21 U.S.C. § 873 and (2) that local

peace officers assigned to the Narcotic Task Force were deputized as Task Force Officers of the DEA under 21 U.S.C. § 878(b).

### B. Section 1983 Liability

Federal Defendants argue that judgment on the pleadings is properly entered in their favor because, as federal agents and Task Force Officers serving on the Narcotic Task Force, they were not acting under color of state law for purposes § 1983 liability. Mot. at 9-10. They contend the DEA Task Force was founded in and implemented under federal authority and the allegations of the FAC create no inference they exercised power under the authority of state law. *Id.* Plaintiff responds that the law of the case doctrine precludes Defendants from revisiting the § 1983 issue. Opp'n at 12-14. Plaintiff also argues that federal officers may be held liable under § 1983 when they are joint participants with state actors in the specific conduct at issue. *Id* at 17-20.

#### 1. Law of the Case

Plaintiff argues that the law of the case doctrine precludes this Court from addressing Federal Defendants' argument that they are not subject to suit under § 1983 because the Court found that Plaintiff's claims under § 1983 may proceed against both County and Federal Defendants in its previous order granting in part and denying in part Defendants' motions to dismiss. Opp'n at 12-14. Plaintiff argues that Federal Defendants' argument on § 1983 liability in the present motion is a refined version of an earlier argument it presented to this Court in its motion to dismiss. *Id* at 13. Under the law of the case doctrine, a court may decline to revisit an issue that was decided explicitly or by necessary implication in a previous disposition. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

In a footnote in their motion to dismiss, Federal Defendants asserted they were acting in their capacity as agents and TFOs of the DEA and explained, if the Court did not dismiss the § 1983 claim based on their motion to dismiss, they would later seek judgment on the claim because they were not acting under color of state law. Federal Defendant's Mot. to Dismiss at 16 (ECF No. 11). The Court noted Defendant' assertion in its order addressing

Federal Defendants' motion to dismiss. Order at 22 (ECF No. 18). However, the Court did not discuss, make any findings nor decide the issue of whether Federal Defendants were acting under color of state law. Accordingly, the law of the case doctrine does not preclude consideration of the issue here.

### 2. Merits of the Motion

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges Defendants executed a search warrant issued by the Superior Court of the County of San Diego pursuant to California Penal Code § 1524 on Plaintiff's property on September 12, 2019. FAC ¶¶ 41, 47. The affidavit in support of the warrant asserts Special Agent Gelles conducted an aerial reconnaissance flight and observed a marijuana cultivation operation on the property in violation of provisions of the California Health & Safety Code. *Id* ¶¶ 42, 43. Plaintiff alleges the affidavit contained material misrepresentations and omissions. *Id* ¶¶ 45-46. When Defendants executed the warrant, Plaintiff's tenant notified Defendants the crops were hemp legally cultivated under a registration from the County of San Diego. *Id* ¶¶ 57-58. Instead of taking any steps to assess whether the crops involved were marijuana or hemp, Plaintiff contends, Defendants destroyed Plaintiff's industrial hemp plants valued at more than $3 million. *Id* ¶¶ 58-60, 63-64.

#### a. TFOs

Defendants argue that TFOs may not be held liable under § 1983 because they acted within the scope of their assignment on the Narcotic Task Force. Mot. at 10. Plaintiff responds that TFOs may be found liable under § 1983 for working in concert with state actors to deprive Plaintiff of its constitutional rights. Opp'n at 19.

According to the judicially noticed facts, the TFOs were deputized as officers of the DEA serving on the task force established pursuant to federal law. To determine whether local law enforcement officers assigned to a joint federal-state task force act under color of state law, courts look to the totality of the circumstances, including the source of authority for the program and supervision of the participants. *Thai v. County of Los Angeles*, 127 F.4th 1254, 1260 (9th Cir. 2025). Although the task force was established pursuant to federal law, Plaintiff alleges the TFOs participated in executing a search warrant issued under state law. The pleadings are silent as to whether state and/or federal officials exerted oversight, management, or regulation of the joint task force. As such, the Court finds there are unresolved issue of facts pertinent to whether the TFOs were acting under color of state law. Defendant's motion for judgment on the pleadings as to TFOs' liability under § 1983 is DENIED.

### b. DEA Special Agents

Defendants argue that federal agents on the Narcotic Task Force may not be held liable under § 1983 because they acted under federal authority, not state authority, during the events giving rise to this action. Mot. at 10-11. Defendants argue that federal agents did not lose their federal authority while executing a state warrant on Plaintiff's property. *Id.* Citing *Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986), Plaintiff argues that federal officers acting under federal authority are not immune from suit under § 1983 if they conspired or substantially acted in concert with state actors. Opp'n at 17-19. Plaintiff contends it alleges Federal Defendants worked closely with the San Diego County Sheriff's Department to execute the fraudulent state warrant to seize Plaintiff's crops.

Federal agents act under color of state law if a "symbiotic relationship" exists between the federal agents and state actors and the conduct at issue "can be fairly attributed to the state." *Cabrera v. Martin*, 973 F.2d 735, 742-43 (9th Cir. 1992) (citing to *Johnson v. Orr*, 780 F.2d 386, 390 (3rd Cir. 1986)). A symbiotic relationship is one marked by the sharing of mutual interests, actions taken in concert, and a relationship that is productive to both parties. *See Id.*, at 743. "[F]ederal officials can only be liable under section 1983

where there is a sufficiently close nexus between the State and the challenged action of the federal actors so that the action of the latter may be fairly treated as that of the State itself." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (citing *Cabrera*, 973 F.2d at 744).

Plaintiff alleges that Defendants, including TFOs and federal agents, worked together in investigating Plaintiff's property, obtaining the warrant, and destroying Plaintiff's crops. FAC ¶¶ 41-46, 49-50, 55. Plaintiff also alleges that federal agents worked with other state actors who were not TFOs in obtaining and executing the faulty warrant. Specifically, Plaintiff alleges that DEA Special Agent Gelles obtained the warrant at issue from a state court judge by alleging Plaintiff's violation of California's Health & Safety Code. *Id* ¶ 42. Plaintiff also alleges that all Defendants, including federal agents, TFOs, and San Diego Sheriff Department officers who were not designated on the Task Force, planned for and executed the raid on Plaintiff's property that caused the destruction of Plaintiff's hemp crop. FAC ¶¶ 5-21, 55-64.

There remains unresolved factual issues on the extent of participation by state actors in the raid and the nature of the federal agents' relationship with state actors in the conduct at issue. Whether federal agents and state actors had a "symbiotic relationship" in convening the Narcotic Task Force and implementing the program is unresolved at this stage of the proceedings. *See Cabrera*, 973 F.2d at 742-43. As a result, Defendants' motion for judgment on the pleadings under § 1983 for federal agents is DENIED.

    **c.** ***Bivens*** **Claim**

In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court held that the victim of a Fourth Amendment violation by federal drug enforcement agents had a claim for damages, even when Congress had not legislated a statute providing the injured person with such a cause of action. *See* 403 U.S. 388, 396-97 (1971). Since then, however, the Court has limited the application of *Bivens* and only twice recognized causes of action for violations of the Constitution, a Fifth Amendment sex-discrimination claim, and a federal prisoner's Eighth Amendment claim for inadequate care. *Egbert v.* Boule, 596 U.S. 482,

490 (2022). When presented with a *Bivens* action under a "new context", one that differs from the three the Supreme Court has recognized, courts must determine whether special factors indicate that the "[j]udiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id* at 492 (internal quotation and citation omitted). Expanding the *Bivens* remedy is a "'disfavored' judicial activity," and "even a modest extension is still an extension." *Ziglar v. Abbasi*, 582 U.S. 120, 135, 147 (2017).

Defendants argue that the facts in this case are not squarely covered by a recognized *Bivens* precedent, and therefore present a new context. Mot. at 12-19. Plaintiff argues that judicial deception in obtaining a warrant is a recognized *Bivens* context under Ninth Circuit precedent. Opp'n at 21-22.

While this Court recognizes that Plaintiff's claim for Fourth Amendment violations by federal agents involves the same legal claim and almost identical defendants as those found in *Bivens* itself, this Court finds that Plaintiff's case involves a "new context."[2] In the present case, Plaintiff alleges that its Fourth Amendment rights were violated when federal agents obtained a warrant that was invalid due to material omissions that would have prevented issuance of the warrant if they were included, and in the alternative, that the probable cause supporting the warrant vanished when law enforcement agents were placed on notice by Plaintiff's tenant that a County permit existed for Plaintiff's hemp cultivation. FAC ¶¶ 74-92. Construing the facts in the light most favorable to Plaintiff, Federal Defendants' conduct in proceeding to destroy all of Plaintiff's hemp constituted an unreasonable seizure.

---

[2] In *Bivens*, the defendants were agents of the Federal Bureau of Narcotics who were pursuing alleged violations of drug laws. *See Bivens*, 403 U.S. at 389. Here, Federal Defendants include federal DEA agents who were pursuing alleged violations of drug laws. The DEA inherited the duties of the Federal Bureau of Narcotics. *See* 21 C.F.R. Ch. 2 §§ 1300-1399 (establishing the Drug Enforcement Administration) *and see* 38 F.R. 15932 (abolishing the Federal Bureau of Narcotics).

In *Bivens*, the Fourth Amendment violation was a warrantless search and seizure at a home, where federal drug enforcement agents entered the plaintiff's house without a warrant and then arrested him. *See* 403 U.S. at 389. The plaintiff sought damages for "embarrassment" and other emotional harms, whereas here, Plaintiff seeks damages related to commercial harm due to destruction of agricultural goods. *See Bivens*, 403 U.S. at 389-90. Because a warrantless entry into a home followed by the arrest of the individual differs from Federal Defendants' act of obtaining and relying on an invalid warrant and proceeding to destroy Plaintiff's agricultural goods, this Court finds Plaintiff's claim presents a "new context." *See Abbasi*, 582 U.S. 120, at 147-48 (recognizing that "potential special factors that were not considered in previous *Bivens* cases" can present a new context).

Furthermore, authorizing liability under *Bivens* in this case would expand liability to Plaintiff's lost property, which is a different category of damage than the emotional and mental harms recognized in *Bivens*. Plaintiff's damages are entirely focused on lost agricultural profit, not emotional harms associated with the seizure. FAC ¶¶ 65-73. Congress is better equipped to expand the damages action in this case because courts "likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*." *See Egbert*, 596 U.S. at 493.

Accordingly, the Court GRANTS Federal Defendants' motion for judgment on the pleadings as to the *Bivens* claim.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. Federal Defendants' motion to file documents under seal (ECF No. 46) is **GRANTED**.

2. Federal Defendants' motion for judgment on the pleadings (ECF No. 45) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the request for judicial notice and Plaintiff's *Bivens* claim. The motion is **DENIED** as to the § 1983 claim.

**IT IS SO ORDERED.**

DATED: March 27, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE